## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MARCUS WETZ and** | § | |
| **ELIZABETH WETZ,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Case No. 3:16-CV-715-G-BK** |
| | § | |
| **PNC MORTGAGE, et al.,** | § | |
| **Defendant** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3*, this case was referred to the magistrate judge for pretrial management.  The Court now considers *Defendants PNC Bank N.A. and Deutsche Bank Trust Company Americas as Trustee, RALI 2006-OS13's Motion to Dismiss*.  Doc. 6.  For the reasons that follow, this case should be **DISMISSED WITHOUT PREJUDICE**.

### A.  Procedural History

In February 2016, Plaintiffs filed a petition in state court alleging that Defendants violated several provisions of the Texas Property Code, and seeking a declaratory judgment regarding the same in an attempt to prevent the foreclosure of their residence.  Doc. 1-2 at 4-7.[1] They named as Defendants (1) PNC Mortgage, A Division of PNC Bank NA, a successor to

---

[1] Plaintiffs made a fleeting reference to claims for negligence, gross negligence, fraud, "improper conduct" resulting in wrongful acceleration, and unreasonable collection efforts. Doc. 1-2 at 8, 10. Given that Plaintiffs are counseled, the Court need not liberally construe their complaint as having adequately raised these claims. *Cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed").

National City Bank; (2) Deutsche Bank Trust Company Americas ("Deutsche") as Trustee [of]

RALI 2006-QS13 ("RALI Trust"); and (3) various substitute trustees.[2] Doc. 1-2 at 2.

Defendants removed the case to this Court and filed a motion to dismiss.  Doc. 1; Doc. 6.

After Plaintiffs, who are represented by counsel, failed to respond to the motion, the Court issued

an order directing them to show cause for their failure to do so, and advised them that if they

failed to file a response, they risked dismissal of their case.  Plaintiffs did not comply.  Before

considering whether dismissal on that basis is appropriate, however, the Court has an

independent duty to first determine whether it has subject matter jurisdiction.  *Ruhrgas AG v.*

*Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

### B.  Jurisdiction

Shortly after Defendants filed their motion to dismiss, the United States Supreme Court

issued an opinion that called into question the Court's ostensible subject matter jurisdiction in

this case based on the diversity of citizenship between the parties.[3] *Americold Realty Trust v.*

---

[2] As has been the fact in many other cases, the Court again finds that the substitute trustees were improperly joined to defeat subject matter jurisdiction.  *See Vaillancourt v. PNC Bank, N.A.*, 771 F.3d 843, 846-48 (5th Cir. 2014) (finding that substitute trustees had been improperly joined where the plaintiffs alleged that the substitute trustees did not properly comply with various provisions of the Texas Property Code); *Short v. JPMorgan Chase Bank, N.A.*, No. 15-CV-1953-M, 2015 WL 4635883, at *6-7 (N.D. Tex. Aug. 4, 2015) (same as to homeowner's request that the court issue a declaratory judgment in a foreclosure suit against, *inter alia*, the substitute trustees) (Lynn, J.); *Cook v. Wells Fargo Bank, N.A.*, No. 10-CV-592-D, 2010 WL 2772445, at *3-4 (N.D. Tex. July 12, 2010) (same as to plaintiffs' claims against substitute trustees for breach of contract, tortious interference with property, and unreasonable collection methods) (Fitzwater, C.J.); *Cooper v. Bank of New York Mellon*, No. 13-CV-1985-N, 2014 WL 349577, at *4 (N.D. Tex. Jan. 31, 2014) (same with respect to plaintiff trying to obtain an injunction to prevent foreclosure) (Godbey, J.).  Accordingly, the claims against the substitute trustees will not be discussed further.

[3] Plaintiffs are citizens of Dallas County; PNC is a citizen of Delaware; Deutsche is a citizen of California.  Doc. 1 at 2-3.

*Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) (holding that for a trust that is a separate unincorporated legal entity, diversity jurisdiction depends on the citizenship of all of its members, but for a traditional trust only the citizenship of the trustee is relevant).  Consequently, the Court ordered Defendants to provide supplemental briefing on the jurisdictional issue.  Doc. 11.  Defendants have since filed their brief, asserting that *Americold* is inapposite and the Court retains subject matter jurisdiction.  Doc. 12.  In relevant part, they assert that the trust of which Deutsche is trustee is not the same type of active business entity as was the entity in the *Americold* case.  Doc. 12 at 3-4.

A party may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  Federal courts have subject matter jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and the parties are completely diverse in their citizenship.  28 U.S.C. § 1332.  The parties are not diverse "if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

When determining if it has federal jurisdiction, the court focuses on the plaintiff's pleadings as of the time of removal.  *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Any "ambiguities are construed against removal," and "[t]he removing party bears the burden of showing that federal jurisdiction exists." *Id.*  There is no dispute in this case that the amount in controversy requirement is satisfied.  Thus, the Court only addresses the diversity issue.

The citizens upon whose diversity a plaintiff claims jurisdiction must be real and substantial parties to the controversy, and the court must disregard nominal or formal parties.

*Corfield*, 355 F.3d at 857 (citations omitted).  Defendants maintain that the trust in this case is a traditional trust such that only Deutsche's citizenship needs to be considered.  Doc. 12 at 5.

As noted above, in *Americold*, the Supreme Court distinguished between traditional trusts and business-type trusts.  In particular, a traditional trust usually creates a fiduciary relationship. *Americold*, 136 S. Ct. at 1016.  On the other hand, a business trust is an artificial entity that is, for example, designed to run a business and generate profit for investors.  *See id.* at 1014-16.  A so-called business trust takes the citizenship of all of its shareholders or members.  *Id.* at 1015-16.  However, "[f]or a traditional trust . . . there is no need to determine its membership, as would be true if the trust, as an entity, were sued." *Id.* at 1016.

The Court concludes that the type of trust at issue in this case is a traditional trust.  As a matter of Texas law, a trust is not a separate legal entity; it is a fiduciary relationship that governs the trustee with respect to the trust's property.  *Hollis v. Lynch*, 827 F.3d 436, 443 (5th Cir. 2016) (quoting *Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006)).  Indeed, the Plaintiffs even state in their complaint that Deutsche is acting in a fiduciary capacity, Doc. 1-2 at 3, which is consistent with *Americold*'s observation that a traditional trust usually creates a fiduciary relationship by which the citizenship of only the trustee controls.  *Americold*, 136 S. Ct. at 1016.  As such, only Deutsche's citizenship must be considered in considering whether diversity jurisdiction exists in this case.  Because Defendants' *Notice of Removal* establishes that Plaintiffs do not share citizenship with PNC Mortgage or Deutsche, the Court has jurisdiction over this matter.

### C.  Dismissal Under Rule 41

The Court next addresses Plaintiffs' failure to respond to Defendants' motion to dismiss and comply with the Court's order to file a response.  Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Due to Plaintiffs' inaction, this case is subject to dismissal.

Normally under the circumstances present here, an action is subject to dismissal without prejudice.  Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case.  *Boazman v. Economics Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).  In this case, however, the statute of limitations on Plaintiffs' claim for Defendants' alleged violations of the Texas Property Code will not expire until January 2018.  *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (noting that the statute of limitations for failure to comply with the Texas Property Code is two years); Doc. 1-2 at 1 (state court petition noting that Plaintiffs received the notice of acceleration as January 2016).

As for Plaintiffs' request for declaratory relief, when a state-filed declaratory judgment action is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act.  *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at *5 n.11 (N.D. Tex. 2011) (Fitzwater, C.J.).  The availability of a declaratory judgment, however, depends upon the existence of an underlying judicially remediable right.  *Schilling v. Rogers*, 363 U.S.

666, 677 (1960).  Thus, Plaintiffs will be able to seek declaratory relief again if they refile their substantive claims before the expiration of the statute of limitations.  In short, dismissal of this case without prejudice will not unfairly affect Plaintiffs' legal interests.  Accordingly, Plaintiffs' claims should be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and comply with a Court order, and this case should be closed.[4]

**SO RECOMMENDED** on December 2, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] Defendants have not asserted any independent claim for relief.

6